SMITH & HEMENWAY CO. v. E. C. STEARNS & CO.

(Circuit Court of Appeals, Second Circuit. December 15, 1908.)

No. 110.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—SAW GUIDES.

The Seavey patent, No. 622,190, for a saw guide for sawing material to make miter joints, was not anticipated, and, while showing no great advance in the art, discloses patentable invention; also *held* infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Northern District of New York.

For opinion below, see 160 Fed. 494.

Robinson, Martin & Jones (Milton E. Robinson, of counsel), for appellant.

Alfred Wilkinson, for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. This is a suit for the infringement of patent No. 622,190, issued March 28, 1899, upon the application of

---

Charles O. Seavey, for a saw guide for sawing material to make miter joints. Saw guides have largely taken the place of the old miter boxes. Their object—like that of the boxes—is to accurately guide a saw in cutting moldings and other strips of wood at an angle. The particular object of the present invention is thus stated by the patentee:

"By my present invention I produce a device which can be applied to the stock to be sawed by merely placing it thereon, and which may be readily adjusted, so as to secure an exact cut at any predetermined angle. My device is moreover, durable, and can be compactly folded, so as to occupy but little room in a carpenter's tool chest or other place where it may be kept."

The single claim of the patent is as follows:

"In a saw guide for sawing material to form miter joints, the combination of a bed or frame adapted to fit the edge of the material to be sawed, a two-part slotted standard hinged to the bed outside of the line of the inner face of the bed, the parts of said standard being free above the lowest line of movement allowed to the saw and joined together below said line, each part being provided with a laterally extending plate or frame, said plates being wholly separated from each other throughout, substantially as described."

The defenses are: (1)Noninfringement. (2) Want of invention in view of the prior art.

The question of infringement turns upon the construction of the claim. If the claim requires only that the two-part slotted standard to which the guide plates are attached should be (1) hinged to the bed and (2) itself located outside the line of the inner face of the bed, then infringement is obvious. If, on the other hand, the claim requires—as was held by the Circuit Court—that the standard should be so hinged or pivoted to the bed that the hinge pin or pivot is outside the line of the inner face of the bed, then there is no infringement. The defendant has evidently sought to copy the device of the patent, and yet avoid infringement by locating the pivot in its device inside the line of the inner face of the bed.

While the language of the claim is obscure, we think the former construction the correct one. The location of the standard was of importance. The location of the pivot was of no importance. It is manifest that the different locations of the pivot in the complainant's and defendant's devices have no effect upon their operation. The two phrases, "hinged to the bed" and "outside of the line of the inner face of the bed," refer to the standard. The claim calls for a standard which is hinged to the bed and which is located outside of the line of its inner face. The claim does not, in our opinion, require that the pivot should be located in any particular place.

That this construction is the one intended by the patentee is shown by the specification. While, by way of illustration, he locates the hinge with reference to the drawings "as at K"—a point which happens to be outside the inner face line of the bed—he thus definitely fixes the location of the standard or post, using similar language to that of the claim:

"It will be noticed that the two-part slotted post, to which the laterally extending plates or guides, d, are secured, is located outside of the plane of the inner face of the angle plate or bed, a," etc.

If the patent is valid, infringement is shown, and the remaining question is whether, in view of the prior art, the patent is valid. The state of the art with respect to saw guides at the time of this invention was such that it shows only a slight advance over previous inventions. But we think it shows some advance.

The patent which most nearly anticipates the patent in suit is the Goulding patent. Broadly speaking, the devices of the two patents are similar. Both embrace guides for holding a saw pivoted to a bed plate which is placed upon the wood to be cut. In both the bed plate can be placed upon the material, the saw guide adjusted to a predetermined angle, the saw placed in the frame of the guide, and the material sawed at the angle. But there are distinctions, and the present patent discloses some improvements over the Goulding device. The device of the patent is smaller and more compact than the latter. It is less topheavy, and will stand upon the work, while the Goulding device would fall off. In the Goulding device the saw must be inserted from the bottom or the end. In the Seavey device it is inserted from the top, and thus can more readily be put in after the device is placed upon the material. The Goulding construction necessarily limits the width of the saw blade and the type of the saw which can be used. The Seavey device admits the use of any type of saw of any width.

These improvements are undoubtedly slight. But they have been sufficient to induce the defendant to copy them, rather than the Goulding construction, and we are of the opinion that they disclose patentable novelty.

We find no merit in the contention of the defendant that there is a defect in the complainant's title.

The decree of the Circuit Court is reversed, with costs, and the case remanded, with instructions to enter a decree for the complainant for an injunction, an accounting, and costs.